JOHN SPRINGER, Plaintiff-Appellant, *v.* ANTON HARWIG *et al.*, Defendants-Appellees.

First District (4th Division)    No. 79-1670

Opinion filed March 12, 1981.

Ronald H. Balson, of Chicago, for appellant.

Wildman, Harrold, Allen & Dixon, of Chicago (Lenard C. Swanson, Ruth E. Van Demark, and Craig M. White, of counsel), for appellees.

Mr. JUSTICE JOHNSON delivered the opinion of the court:

On May 5, 1978, plaintiff, John Springer, filed a complaint against defendants, Anton Harwig, the village of Palatine, and Paddock Publications, Inc., for allegedly libelous statements published in the Daily Herald on March 16, 1978. On July 5, 1978, defendants moved to dismiss the complaint under section 48(1)(i) of the Civil Practice Act (Ill. Rev. Stat. 1977, ch. 110, par. 48(1)(i)) (hereafter Civil Practice Act). The trial judge granted the motion to dismiss with prejudice. Plaintiff appeals. We affirm.

Plaintiff presents the following issues for review: (1) whether the allegedly libelous statements were capable of innocent construction; (2) whether defendants Harwig and the village of Palatine are protected by the qualified privilege to report a judicial proceeding; and (3) whether material triable issues of fact were present.

John Springer's complaint designated five statements which he claims to be false and defamatory. They are:

(1)" 'VILLAGE SUES BUILDER ON BROKEN PLANS.
Village Mgr. Anton Harwig said this is the first of several lawsuits the village plans against developers who have reneged on their promises.' "

(2)" ' Harwig said either Springer has failed to make certain public improvements or the developer's work does not meet village standards.' "

(3)" 'The suit asks Springer to patch broken streets, repair curbs chipped during home building and replace trees that died after planting.' "

(4)" 'The suit, filed in Cook County Circuit Court this week, asks that developer John Springer make certain public improvements or pay the village $50,000 so it can make them.' "

(5)" 'Springer's promises were included in an annexation agreement approved by the village in the 1960s, when the subdivision in northeast Palatine was built.' "

Plaintiff's claim for damage alleged that the statements held him up

to public hatred, ridicule, distrust, and contempt. Accordingly, plaintiff was injured in his reputation and in his business as a developer to the sum of $1,000,000.

Each of the defendants filed a motion to dismiss under the Civil Practice Act. On July 14, 1978, defendant Paddock moved to dismiss the complaint on the grounds, *inter alia*, that the language contained in the newspaper report *is protected and nonactionable under the Illinois* privilege to report judicial proceedings; that the language contained in the newspaper report is protected and nonactionable as a matter of law under the neutral report privilege; and that the language contained in the newspaper report is nonactionable as a matter of law under the Illinois innocent-construction rule. On September 20, 1979, the trial judge granted defendants' motions to dismiss and judgment was entered in favor of all defendants. Plaintiff filed notice of appeal on October 17, 1979. Plaintiff did not appeal that portion of the order which sustained the motion of Paddock Publications, Inc., to dismiss the action.

Plaintiff contends that the published article is incapable of being innocently construed and is libelous *per se*.

■■ ■ An action based on libel *per se* requires a serious charge of incapacity or misconduct in words so obviously and naturally hurtful that proof of their injurious character is unnecessary. A false statement is libelous *per se* if it imputes to the plaintiff (1) the commission of a crime; (2) infection of another with a loathsome disease; (3) unfitness or want of integrity in performing the duties of an office or employment; or (4) lack of ability in his business, trade or profession. *Makis v. Area Publications Corp.* (1979), 77 Ill. App. 3d 452, 456, 395 N.E.2d 1185, 1188.

■■ To determine whether language under scrutiny is actionable *per se*, or falls within one or more of these recognized categories, Illinois courts have consistently applied the innocent construction rule which requires that the writing is to be read as a whole and the words given their natural and obvious meaning. Likewise, the rule requires words allegedly libelous that are capable of being read innocently be so read and declared nonactionable as a matter of law. (*John v. Tribune Co.* (1962), 24 Ill. 2d 437, 442, 181 N.E.2d 105, 108, *cert. denied* (1962), 371 U.S. 877, 9 L. Ed. 2d 114, 83 S. Ct. 148; *Vee See Construction Co. v. Jensen & Halstead, Ltd.* (1979), 79 Ill. App. 3d 1084, 1086, 399 N.E.2d 278, 279-80.) This analysis requires that the meaning of the statement be gathered, not from isolated passages, but from the context of the language, stripped of innuendo and read in the best possible light. *Makis*, at 457.

We find that the statements which plaintiffs finds offensive in the article can be innocently construed. The filing of a lawsuit against plaintiff and his failure to perform under an agreement made in the 1960's does not, in itself, charge him with lack of ability or integrity in his business. Application of the rule requires that the allegedly libelous

writing be read as a whole. Reading the article as a whole, we realize that (1) today's economic climate is more volatile which indicates the agreement may have become economically impracticable, (2) several lawsuits were planned against other developers, and (3) plaintiff had made many public improvements that were provided for in the 1960's agreement. Therefore, the aforementioned does not necessarily impute inability of plaintiff to carry on his business.

■■ We hold, as a matter of law, that the article was not libelous *per se* to plaintiff in his business.

Plaintiff contends that a qualified privilege to report a trial is not available to defendants' Harwig or the Village of Palatine.

Since we have concluded the statements were not defamatory, the issue of whether a qualified privilege exists need not be determined. However, if the statements were libelous, we find that an absolute privilege would be available to Harwig. Furthermore, "the doctrine of absolute privilege has been applied to various executive officers by other courts of this State." *Blair v. Walker* (1976), 64 Ill. 2d 1, 6, 349 N.E.2d 385, 387.

We extend the absolute privilege of the Governor of Illinois regarding communications made within the scope of his official duties to include mayors of Illinois municipalities. (*Loniello v. Fitzgerald* (1976), 42 Ill. App. 3d 900, 902, 356 N.E.2d 842, 844.) Harwig, likewise, as the chief administrator of Palatine has an absolute privilege to discuss matters that are legitimately related to his official responsibilities. The statements concerning Springer and the lawsuit were made within the scope of Harwig's duties as manager of Palatine.

Plaintiff finally contends that material issues of fact existed precluding dismissal under the Civil Practice Act. Accordingly, plaintiff asserts factual allegations of actual malice and reckless conduct would similarly preclude a dismissal. However, we have already observed that whether the language in the article is susceptible of an innocent construction is a question of law to be resolved by the court by reading the words stripped of innuendo. *Adreani v. Hansen* (1980), 80 Ill. App. 3d 726, 728, 400 N.E.2d 679, 682.

We agree with the trial judge's finding that the statements are capable of innocent construction; they are not libelous *per se* as a matter of law, and dismissal of the suit under the Civil Practice Act was proper.

For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

LINN and JIGANTI, JJ., concur.