DILLIS V. ALLEN, Plaintiff-Appellant, *v.* SETH J. ALI, Defendant-Appellee.

First District (2nd Division)    No. 81-786

Opinion filed April 13, 1982.

Dillis V. Allen, of Schaumburg, for appellant, *pro se*.

Walter J. Starck, of Foss, Schuman & Drake, of Chicago, for appellee.

PRESIDING JUSTICE STAMOS delivered the opinion of the court:
Plaintiff, an attorney, filed an action in three counts against defendant, his former client. The first count seeks attorney fees for services rendered. The second count sounds in tort and alleges that defendant libeled plaintiff in a letter to two bar associations. The third count claims a tortious interference with plaintiff's law practice. The trial court dismissed counts II and III. Plaintiff appeals pursuant to Supreme Court Rule 304(a).

Plaintiff Dillis V. Allen practices law in Schaumburg. Defendant Seth J. Ali intended to buy a home in Schaumburg. Defendant retained plaintiff to handle the closing of the real estate purchase. Since this lawsuit has not proceeded past the pleading stage, the facts are not fully developed. Nevertheless, the outlines of the underlying dispute are clear. At the initial consultation, a flat attorney fee (either $225 or $250) was mentioned. Plaintiff claims that he later told defendant that the fee would be computed on an hourly basis as complications had arisen in the transaction. Defendant asserts that hourly billing was mentioned as a means of computing the fee only if the sale did not go through. In any event, it appears that no hourly rate was mentioned.

Plaintiff billed defendant $1813 for 34.5 hours' work (approximately $52 per hour). Defendant paid $300 and, refusing to pay more, wrote a letter of complaint to the Chicago Bar Association and the American Bar Association.[1] In this letter, defendant outlined in some detail his numerous

---

[1] The letter indicates that copies were also sent to the Illinois State Bar Association, the Chicago Council of Lawyers, and the Fraud & Complaint Division of the State's Attorney's office. Since plaintiff's complaint refers only to the American and Chicago Bar Associations, we will presume that was the extent of the publication.

contacts with plaintiff. In describing one particular phone call, defendant used the word "incoherent" with reference to plaintiff. This reference is the basis of plaintiff's charge of libel.

■■ We note at the outset that plaintiff has made no argument in his appellate brief concerning the dismissal of count III, which alleges a tortious interference with his law practice. Any error in the dismissal of count III is therefore waived. See Ill. Rev. Stat. 1979, ch. 110A, par. 341(e)(7).

The trial court dismissed count II because the complaint was insufficient as a matter of law to state a claim in libel. Plaintiff contends on appeal that his complaint adequately pleads libel *per se*. Words are considered libelous *per se* if they are so obviously and naturally hurtful that proof of injury is unnecessary. (See *Springer v. Harwig* (1981), 94 Ill. App. 3d 281, 283, 418 N.E.2d 870.) In such a case, damages are presumed and proof of special damages is unnecessary. (See *Colson v. Stieg* (1980), 86 Ill. App. 3d 993, 995, 408 N.E.2d 431, *aff'd* (1982), 89 Ill. 2d 205, 433 N.E.2d 246.) The four categories of statements considered defamatory *per se* are set out in *Richardson v. Dunbar* (1981), 95 Ill. App. 3d 254, 419 N.E.2d 1205. According to plaintiff, two of the four categories are here applicable: words that impute inability to discharge the duties of office or employment, and words that prejudice a particular person in the conduct of his profession or trade. (See *Richardson v. Dunbar* (1981), 95 Ill. App. 3d 254, 259.) Plaintiff argues that a lawyer who is "incoherent" is necessarily unable to discharge his professional duties.

Plaintiff contends, in the alternative, that his complaint sufficiently states a claim of libel *per quod*. Loosely translated, *per quod* means "with explanation." Under this theory, the plaintiff must prove an innuendo and allege special damages. (See *Bruck v. Cincotta* (1977), 56 Ill. App. 3d 260, 264, 371 N.E.2d 874; see also *Richardson v. Dunbar* (1981), 95 Ill. App. 3d 254, 260.) In the case at bar, plaintiff claims in his amended complaint "a general decline and falling off of plaintiff's law practice has occurred, all to the damage of at least $100.00."

■■ We need not decide the question of whether this allegation pleads special damages with sufficient particularity because we find plaintiff's complaint deficient on a more fundamental level. The words are simply not defamatory, either *per se* or *per quod*. Dismissal of a complaint for libel is warranted if the words claimed to be defamatory are not reasonably or fairly capable of the meaning assigned to them by the plaintiff. (*Richardson v. Dunbar* (1981), 95 Ill. App. 3d 254, 259.) Although we do not in this connection rely on the innocent construction rule (see *John v. Tribune Co.* (1962), 24 Ill. 2d 437, 442, 181 N.E.2d 105, *cert. denied* (1962), 371 U.S. 877, 9 L. Ed. 2d 114, 83 S. Ct. 148), some related principles may be applied here. The allegedly defamatory statement

should be read as a whole and the words given their natural and obvious meanings. Further, the meaning of the statement should be gathered from context and not from the words read singly. (See *Colson v. Stieg* (1980), 86 Ill. App. 3d 993, 995.) The context of defendant's statement is a letter of complaint, arising out of a fee dispute, to two bar associations. The letter is four pages long, typed single-space. It relates in detail every step in the attorney-client relationship and every contact between the client and the attorney. The alleged defamation is in a passage relating to one of those contacts. The entire sentence reads: "He phoned me that evening and in a very slow partially incoherent voice related how he was going to set up the escrow account and the instructions." Plaintiff complains of only one word in this four-page letter—"incoherent." The adjective "incoherent" refers to plaintiff's voice, not his logic or intellectual capabilities. Further, the word is modified by "partially." We find that the word, in context, is not normally susceptible of the defamatory meaning ascribed to it by plaintiff and that plaintiff has not stated a cause of action in libel.

Even if the word could be considered libelous, however, plaintiff has failed to overcome the privilege attached to the communication. Defendant contends that the letter should be held absolutely privileged. Such protection is too broad. The class of occasions where libelous words are absolutely privileged is narrow and generally limited to legislative and judicial proceedings and other acts of State. (*Larson v. Doner* (1961), 32 Ill. App. 2d 471, 473-74, 178 N.E.2d 399.) Absolute privilege may also attach to quasi-judicial proceedings. (*Richardson v. Dunbar* (1981), 95 Ill. App. 3d 254, 256.) Quasi-judicial proceedings are those that perform a judicial function and determine legal rights. (See *Richardson v. Dunbar* (1981), 95 Ill. App. 3d 254, 257.) Some jurisdictions consider the judicial function of bar association ethics committees and apply absolute privilege to communications made to such bodies. (See, *e.g., Sinnett v. Albert* (1972), 188 Neb. 176, 177-80, 195 N.W.2d 506, 508-09; *Ramstead v. Morgan* (1959), 219 Ore. 383, 391-95, 347 P.2d 594, 598-99.) The better approach looks to the nature and function of the body receiving the allegedly defamatory communication. For example, in *Katz v. Rosen* (1975), 48 Cal. App. 3d 1032, 121 Cal. Rptr. 853, the court noted that attorney disciplinary actions must be brought by the Board of Governors of the State Bar or a committee authorized by that body. The San Francisco Bar Association, recipient of a complaint letter in the *Katz* case, was not such an authorized committee. The court held that the communication was not absolutely privileged but was protected by a conditional or qualified privilege. 48 Cal. App. 3d 1032, 1037, 121 Cal. Rptr. 853, 856; see also *Moore v. Smith* (1978), 89 Wash. 2d 932, 578 P.2d 26, 29-30.

■■ In Illinois, the Attorney Registration and Disciplinary Committee is a quasi-judicial body created by Supreme Court Rule 751 (Ill. Rev. Stat.

1979, ch. 110A, par. 751) to administer attorney discipline. Communication with this body or any of its officially authorized agents would be absolutely privileged. The Chicago Bar Association has no quasi-judicial functions, even though it may, as a matter of professional responsibility, attempt to mediate fee disputes between clients and attorneys. Similarly, the American Bar Association has no official disciplinary function. There is no doubt, however, that a conditional or qualified privilege attaches to defendant's letter to the two bar associations. The elements of conditional privilege are set forth in *Judge v. Rockford Memorial Hospital* (1958), 17 Ill. App. 2d 365, 377, 150 N.E.2d 202: good faith on the part of the defendant, an interest to be upheld, a statement limited in scope to the extent of that interest, a proper occasion and publication in the proper manner to appropriate parties. A letter of complaint to a bar association meets these criteria. Nevertheless, plaintiff points out that qualified privilege is lost upon proof of actual malice (*Judge v. Rockford Memorial Hospital* (1958), 17 Ill. App. 2d 365, 377), and plaintiff argues that defendant acted with such malice.

■■ When a qualified privilege has been shown, the plaintiff has the burden of alleging and proving actual malice. (See *Welch v. Chicago Tribune Co.* (1975), 34 Ill. App. 3d 1046, 1052, 340 N.E.2d 539.) Plaintiff's argument on this point is difficult to follow but he appears to contend that defendant's letter to the bar associations was not for the (presumably permissible) purpose of reporting an ethical breach. Rather, defendant's letter had the (presumably reprehensible) ulterior motive of seeking to coerce plaintiff into lowering his fee. By this logic, the presence of any ulterior motive constitutes malice and eliminates a qualified privilege. Plaintiff's understanding of malice is deficient. In *Zeinfeld v. Hayes Freight Lines, Inc.* (1968), 41 Ill. 2d 345, 243 N.E.2d 217, our supreme court held that a qualified privilege is abused if the speaker "does not believe in the truth of the defamatory matter, or has no reasonable grounds for believing it to be true." (41 Ill. 2d 345, 350.) This description corresponds to the definition of "actual malice" set forth in *New York Times Co. v. Sullivan* (1964), 376 U.S. 254, 280, 11 L. Ed. 2d 686, 706, 84 S. Ct. 710, 726: "knowledge that [the statement] was false or * * * reckless disregard of whether it was false or not." The facts that would establish knowledge of falsity (and therefore actual malice) are the same that would negate the good faith of the defendant, which is the first requirement of conditional privilege. Plaintiff's amended complaint alleges that defendant made the statement "knowing that this characterization was false," but this is a bare conclusory allegation without supporting facts. (See *Colson v. Stieg* (1980), 86 Ill. App. 3d 993, 998.) Plaintiff appears to argue that defendant's bad faith is shown by the gratuitous character of the remark in question, that is, the comment was not necessary to the

letter of complaint. A reviewing court can look at the overall circumstances in determining whether a defendant has acted in good faith. (See *Spencer v. Community Hospital* (1980), 87 Ill. App. 3d 214, 220, 408 N.E.2d 981.) In the case at bar, defendant's good faith is shown by the dispassionate and purposeful tone of his letter and by the fact that the remark in question occurred not gratuitously but in a detailed description of a telephone conversation. We find that plaintiff has not pleaded facts sufficient to conclude that defendant acted with malice or bad faith. Plaintiff has therefore failed to overcome the qualified privilege that attached to defendant's communications. The dismissal of counts II and III of plaintiff's complaint was therefore proper and is affirmed.

Affirmed.

DOWNING and HARTMAN, JJ., concur.