**Melvyn M. WEISBERG, Plaintiff,**

v.

**Dennis RAFAEL, Defendant.**

**No. 86 C 7375.**

United States District Court, N.D. Illinois, E.D.

Nov. 24, 1986.

Donald Johnson, Chicago, Ill., for plaintiff.

Leonard B. Miller, Chicago, Ill., Jay L. Dahl, Geneva, Ill., for defendant.

## MEMORANDUM OPINION AND ORDER

SHADUR, District Judge.

Melvyn Weisberg ("Weisberg") has appealed from the dismissal by Bankruptcy Judge Jack Schmetterer of Weisberg's adversary complaint against Dennis Rafael ("Rafael"). For the reasons stated in this memorandum opinion and order, Judge Schmetterer's order of dismissal is affirmed.

Weisberg's Complaint against Rafael objected to the dischargeability of Weisberg's claim that Rafael had defamed him. Because Judge Schmetterer granted Rafael judgment on the pleadings, the well-pleaded allegations of the Complaint are accepted as true. *Republic Steel Corp. v. Pennsylvania Engineering Corp.*, 785 F.2d 174, 177 n. 2 (7th Cir.1986); 5 Wright & Miller, *Federal Practice and Procedure: Civil* § 1368, at 691 & n. 98 (1969 and 1986 supp.) and cases cited there. Those allegations are not complex and present a single issue of law.

In brief Weisberg, a lawyer, says his ex-client Rafael filed false charges of professional misconduct on Weisberg's part with the Attorney Registration and Disciplinary Commission ("ARDC"). Those

charges were not only false but deliberately so, pursuant to a plan hatched by Rafael with Weisberg's former law partner (with whom Weisberg is in litigation). Because Weisberg's claim is one of intentional defamation, whether or not Rafael's statements are actionable hinges on whether complaints to ARDC (the only party to whom the statements were published, see n. 2) are absolutely privileged.

Illinois extends the doctrine of absolute (rather than merely qualified) privilege to quasi-judicial as well as judicial proceedings. As to the underlying policy supporting the concept of absolute privilege, *Larson v. Doner*, 32 Ill.App.2d 471, 473, 178 N.E.2d 399, 400 (2d Dist.1961) says:

> Communications absolutely privileged are those so much to the public interest that the informer should speak out his mind fully and fearlessly so that all actions in respect of words thus spoken are absolutely forbidden, even though it be alleged that the words were spoken falsely, knowingly and with express malice.

Though ARDC's powers are only recommendatory (Ill.S.Ct.Rule 753, Ill.Rev.Stat. ch. 110A, ¶ 753) and all discipline is ultimately imposed by the Illinois Supreme Court (Rule 771, *id.* ¶ 771), it *is* the ARDC recommendation on which the Supreme Court acts—ARDC provides all the grist for the disciplinary mill. Thus the same principles that inform the conferring of an absolute privilege on communications to a judicial body—the considerations stated in *Larson* in the context of legislative proceedings—would seem equally and fully applicable to complaints to ARDC, whether or not that body might itself be labeled quasi-judicial in the strict sense.

Indeed, analysis of ARDC's function really compels that result. In judicial proceedings the fact-gatherer and the decisional authority are the same—the trial court. In the disciplinary situation those functions

are separated (it would clearly be impossible for the Supreme Court to conduct its own hearings), so the Supreme Court is totally dependent on ARDC to build the evidentiary record. Hence the written complaints to, and testimony before, ARDC perform exactly the same role as the pleadings and testimony in court, and the identical policy considerations should apply to the scope of the privilege in the two situations. Little wonder, then, that *Thomas v. Petrulis*, 125 Ill.App.3d 415, 418–19, 465 N.E.2d 1059, 1061–62 (2d Dist.1984) (citations omitted) characterized ARDC as "quasi-judicial" for absolute privilege purposes:

> Defendant argues that *Allen* [*v. Ali*, 105 Ill.App.3d 887, 61 Ill.Dec. 678, 435 N.E.2d 167 (1st Dist.1982)] demonstrates that a body need not be adjudicatory to be quasi-judicial, because none of the three levels in the Rule 751 disciplinary procedure (Inquiry Board, Hearing Board, and Review Board) has the power to adjudicate an attorney's rights. Plaintiff responds that the Inquiry Board's responsibility to dispose of the charge, the Hearing Board's responsibility to make findings, conclusions, and recommendations, and the review Board's responsibility to rule on the recommendations make clear that the Commission exercises an adjudicatory function. While plaintiff is correct that these three boards do perform some adjudicatory functions (*i.e.*, making findings and conclusions), their role ultimately is only advisory.... Despite this inability to decide conclusively the rights of the party being investigated, the Commission is quasi-judicial....

For that reason, it is scarcely surprising that most (though not all) jurisdictions apply an absolute privilege to such ethics complaints against lawyers filed with the administrative branch of the disciplinary process. 50 Am.Jur.2d *Libel and Slander* § 235 (1970). Though the question has not been settled in Illinois,[1] within the past few

---

1. Both *Alswang v. Clayborn*, 40 Ill.App.3d 147, 149, 351 N.E.2d 285, 288 (1st Dist.1976) and *Madda v. Reliance Insurance Co.*, 53 Ill.App.3d 67, 70, 11 Ill.Dec. 29, 31, 368 N.E.2d 580, 582

(1st Dist.1977) dealt with the review of trial court decisions that had followed the majority rule, as articulated in *Toft v. Ketchum*, 18 N.J. 280, 113 A.2d 671, *aff'd on reh'g,* 18 N.J. 611, 114

years *Allen,* 105 Ill.App.3d at 891, 61 Ill. Dec. at 681, 435 N.E.2d at 170 stated in dictum:

> In Illinois, the Attorney Registration and Disciplinary Commission is a quasi-judicial body created by Supreme Court Rule 751 ... to administer attorney discipline. Communication with this body or any of its authorized agents would be absolutely privileged.

Even more recently *Thomas,* 125 Ill.App.3d at 418, 465 N.E.2d at 1061—in addition to its earlier-quoted statement—quoted that *Allen* dictum in listing ARDC proceedings among those held to be quasi-judicial.

In sum, this Court agrees with Judge Schmetterer that the Illinois Supreme Court, if confronted with the problem, would hold the absolute privilege applies to Rafael's statements to ARDC. Absent other Illinois authority binding on this Court under *Erie v. Tompkins* principles (see *Rizzo v. Means Services, Inc.,* 632 F.Supp. 1115, 1131–33 (N.D.Ill.1986)), that Supreme-Court-predictive process is what *Erie* demands (see *Hill v. International Harvester Co.,* 798 F.2d 256, 260–61 & n. 12 (7th Cir.1986)). Judge Schmetterer's judgment on the pleadings in Rafael's favor, and his consequent dismissal of Weisberg's Complaint, are affirmed.[2]

A.2d 863, *cert. denied,* 350 U.S. 887, 76 S.Ct. 141, 100 L.Ed. 782 (1955). In each instance the Appellate Court upheld the trial court decision on other grounds, thus finding it unnecessary to decide whether the absolute privilege applied to the filing with ARDC.

2. Before this Court, Weisberg Mem. 4 makes the additional argument the Complaint should not have been dismissed even if communications to ARDC are afforded an absolute privilege, pointing to this sentence of Complaint ¶ 14:

> WEISBERG has suffered injury to his reputation because RAFAEL and Miller have published the fact that charges were made against WEISBERG....

Weisberg now says (1) publication of a defamatory statement other than to ARDC is not absolutely privileged and (2) the quoted language may be read as alleging such other publication. That is really disingenuous. In response to Ra-

fael's contention before the Bankruptcy Court that the Complaint failed to allege any publication (pointing to precisely that allegation), Weisberg's counsel wrote only this (Weisberg Response 4):

> Defendant's argument that there was no allegation of publication in plaintiff's complaint is specious. The filing of defendant's complaint with the Attorney Registration and Disciplinary Commission on or about May 1, 1985 is sufficient publication of the defamatory statements to a third party....

Both because Weisberg cannot raise an argument on this appeal that was not advanced below and because Weisberg's counsel himself read his own allegation of publication as limited to the communication to ARDC, the specious argument as to other asserted publication must be and is rejected.