PARRILLO, WEISS & MOSS, Plaintiff-Appellant, v. JOHN BERNARD CASHION, Defendant-Appellee.

First District (3rd Division) No. 1—88—0507

Opinion filed March 29, 1989.

Parrillo, Weiss & Moss, of Chicago (John D. Moss, of counsel), appellant *pro se.*

John Bernard Cashion, of Chicago, appellee *pro se.*

JUSTICE WHITE delivered the opinion of the court:

Plaintiff, Parrillo, Weiss & Moss, a law firm, appeals from an order of the circuit court of Cook County dismissing its complaint at law with prejudice. We affirm.

The complaint at law (hereinafter the Complaint), is in two counts. In count I, plaintiff alleged that defendant, John Bernard Cashion, is the president of the Illinois Trial Lawyers Association. On or about February 18, 1987, defendant composed and sent a letter to the Director of the Department of Insurance of the State of Illinois. Plaintiff alleged that this letter contained false and defamatory statements concerning plaintiff. In particular, plaintiff alleged that the letter contained the following statements:

"(1) [plaintiff] has a stake in maintaining the volume of suits it defends;

(2) [plaintiff's] manner of defending lawsuits constitutes a

blatant and ongoing scandal;

(3) as of January 26, 1987 there were 4,166 cases pending in the Law Division of the Circuit Court of Cook County in which the defense attorney listed was Parrillo, Weiss & Moss; and

(4) [plaintiff] is house counsel for Safeway Insurance Company."

Plaintiff alleged that it has been injured in its good name and reputation and sought damages in excess of $15,000.

In count II of the Complaint, plaintiff restated the allegations in count I. In addition, plaintiff alleged that the defamatory statements were made with reckless disregard as to their truth or falsity and with malice. Plaintiff sought punitive damages in the amount of $1 million.

■ Prior to discussing the sufficiency of the Complaint, it will be helpful to discuss the principles that apply to a motion to dismiss. Plaintiff's Complaint was dismissed pursuant to a motion filed under section 2—615 of the Illinois Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 2—615). Such a motion admits all well-pleaded facts in the complaint, and they must be taken as true. (*Payne v. Mill Race Inn* (1987), 152 Ill. App. 3d 269, 273, 504 N.E.2d 193; *Perlin v. Board of Education* (1980), 86 Ill. App. 3d 108, 111, 407 N.E.2d 792.) Conclusions of law or conclusions of fact unsupported by allegations of specific fact are not admitted. (*Payne*, 152 Ill. App. 3d at 273; *Yardley v. Yardley* (1985), 137 Ill. App. 3d 747, 751, 484 N.E.2d 873.) The complaint should not be dismissed unless the pleadings disclose that no set of facts could be proved that would entitle the plaintiff to relief. (*Yardley*, 137 Ill. App. 3d at 752; *Richardson v. Dunbar* (1981), 95 Ill. App. 3d 254, 256, 419 N.E.2d 1205.) On review, the allegations of the complaint are to be interpreted in the light most favorable to the plaintiff. (*Richardson*, 95 Ill. App. 3d at 256; *Perlin*, 86 Ill. App. 3d at 111.) With these principles in mind, we turn to the allegations of the Complaint filed by plaintiff.

Plaintiff asserts that the statements published by defendant in the letter to the Department of Insurance impute a dishonest or improper practice to plaintiff in the performance of its duties as a law firm. Consequently, plaintiff maintains that counts I and II of the Complaint state a cause of action for defamation based on libel *per se*.

■ An action for defamation based on libel *per se* requires that the words used by the defendant are in and of themselves so obviously and naturally harmful to the plaintiff that a showing of special damages is unnecessary. (*Owen v. Carr* (1986), 113 Ill. 2d 273, 277,

497 N.E.2d 1145; *Fried v. Jacobson* (1983), 99 Ill. 2d 24, 27, 457 N.E.2d 392.) Under common law, language which falsely imputes a lack of integrity in the discharge of duties of office of employment, which prejudices a party in his profession, which imputes the commission of a criminal offense, or which imputes infection with a communicable disease of any kind which, if true, would exclude a party from society is actionable for defamation without proof of special damages. *Owen*, 113 Ill. 2d at 277; *Allen v. Ali* (1982), 105 Ill. App. 3d 887, 889, 435 N.E.2d 167; *Richardson*, 95 Ill. App. 3d at 259.[1]

 The rule of innocent construction is employed to determine whether the language used by a party constitutes libel *per se*. In *Chapski v. Copley Press* (1982), 92 Ill. 2d 344, 442 N.E.2d 195, our supreme court explained the rule:

> "[A] written or oral statement is to be considered in context, with the words and the implications therefrom given their natural and obvious meaning; if, as so construed, the statement may reasonably be innocently interpreted or reasonably be interpreted as referring to someone other than the plaintiff it cannot be actionable *per se*. This preliminary determination is properly a question of law to be resolved by the court in the first instance; whether the publication was in fact understood to be defamatory or to refer to the plaintiff is a question for the jury should the initial determination be resolved in favor of the plaintiff." *Chapski*, 92 Ill. 2d at 352.

 Applying the rule of innocent construction to the instant case, we are of the opinion that the statements in the letter to the Department of Insurance are either not defamatory or may reasonably be interpreted as referring to another party. Defendant addressed his letter to the Director of the Department of Insurance and called upon the Department to initiate an investigation of Safeway Insurance Company. In the letter, defendant voiced concern that Safeway Insurance Company was the defendant in 4,166 cases pending before the circuit court. Defendant suggested that Safeway Insurance Company might be insolvent and that it might be using the court system to delay payment of insurance claims. Defendant concluded that Safeway Insurance Company's manner of defending lawsuits constitutes a blatant and ongoing scandal. It is thus clear from a review of the letter that defendant's remark regarding the "blatant and ongoing scandal"

---

[1]The Illinois legislature has enlarged the categories of defamatory statements by providing that false accusations of fornication, adultery and false swearing are actionable as a matter of law. Ill. Rev. Stat. 1987, ch. 126, pars. 1, 2.

referred to Safeway Insurance Company and not to plaintiff.[2] The statement that plaintiff "has a stake in maintaining the volume of suits it defends" is not defamatory. Surely every law firm has a financial interest in the number of cases that it prosecutes or defends. Likewise, the statements identifying plaintiff as the attorney of record in 4,166 cases pending in the circuit court and as house counsel for Safeway Insurance Company are not defamatory.

■ Plaintiff maintains that, since a corporation may not practice law, the references in the letter to Safeway Insurance Company's "manner of defending lawsuits" are, in reality, references to plaintiff. Plaintiff ignores the fact that the number of lawsuits involving Safeway Insurance Company (or any other insurance carrier) is a direct result of the insurance company's decision to contest liability or the amount of damage in claims filed against its insureds. Moreover, the policy to vigorously defend lawsuits or to settle lawsuits is one usually made by the client rather than its attorneys. Lastly, plaintiff ignores the fact that it has filed an action for libel *per se*. In such an action, the defendant's statements must be "obviously and naturally harmful" to the plaintiff. The references in the letter to the Department of Insurance cannot be "obviously and naturally harmful" to plaintiff if they must be "explained" by assertions that corporations cannot practice law and have no control over the "manner of defending lawsuits." (See *Richardson*, 95 Ill. App. 3d at 260.) We conclude that plaintiff has failed to state a cause of action for defamation based on libel *per se*.

Even assuming, however, that the statements in the letter are defamatory, we are of the opinion that plaintiff cannot maintain a cause of action for libel *per se* because the statements are absolutely privileged.

■ It is the established law of Illinois that statements made during quasi-judicial proceedings are absolutely privileged (*Kalish v. Illinois Education Association* (1987), 157 Ill. App. 3d 969, 971, 510

---

[2]The Complaint alleged that defendant stated "the law firm's manner of defending lawsuits constitutes a blatant and ongoing scandal." This allegation is contradicted by the letter to the Department of Insurance. It is well settled that where there is a discrepancy or contradiction between allegations in a complaint and facts as shown in an exhibit attached to and made a part of the complaint, the exhibit will control. (*First National Bank v. Shape Magnetronics, Inc.* (1985), 135 Ill. App. 3d 288, 293, 481 N.E.2d 953; *Outboard Marine Corp. v. James Chisholm & Sons, Inc.* (1985), 133 Ill. App. 3d 238, 245, 478 N.E.2d 651.) The letter to the Department of Insurance, which was attached to the Complaint as an exhibit, negates the allegation in the Complaint.

N.E.2d 1103; *Thomas v. Petrulis* (1984), 125 Ill. App. 3d 415, 417, 465 N.E.2d 1059; *Richardson,* 95 Ill. App. 3d at 256), and such protection encompasses testimony given before administrative agencies, as well as communications to administrative agencies, when these agencies are performing a judicial function. (*Kalish,* 157 Ill. App. 3d 969; *Starnes v. International Harvester Co.* (1986), 141 Ill. App. 3d 652, 490 N.E.2d 1062; *Allen,* 105 Ill. App. 3d at 891; *Parker v. Kirkland* (1939), 298 Ill. App. 340, 346-47, 18 N.E.2d 709.) Whether any given proceeding by an administrative body is quasi-judicial depends upon the powers and duties of the body conducting the proceeding and upon the nature of the proceeding. (*Kalish,* 157 Ill. App. 3d at 971; *Allen,* 105 Ill. App. 3d at 890; *Richardson,* 95 Ill. App. 3d at 257.) An entity with quasi-judicial powers is not, as a matter of law, a quasi-judicial body at all times. At those times when it is not performing its quasi-judicial functions, or at those times when, purporting to perform those functions, it nevertheless fails to follow judicial procedures, it can be said that it is not acting as a quasi-judicial body. *Richardson,* 95 Ill. App. 3d at 257.

■ The Illinois courts have identified six powers that differentiate a quasi-judicial body from a body that is performing merely an administrative function. These are:

> "(1) the power to exercise judgment and discretion;
>
> (2) the power to hear and determine or to ascertain facts and decide;
>
> (3) the power to make binding orders and judgments;
>
> (4) the power to affect the personal or property rights of private persons;
>
> (5) the power to examine witnesses, to compel the attendance of witnesses, and to hear the litigation of issues on a hearing; and
>
> (6) the power to enforce decisions or impose penalties."

(*Kalish,* 157 Ill. App. 3d at 971-72.) (See also *Starnes,* 141 Ill. App. 3d at 655; *Thomas,* 125 Ill. App. 3d at 419-20.) A quasi-judicial body need not possess all six powers; however, the more powers it possesses, the more likely the body is acting in a quasi-judicial manner. *Kalish,* 157 Ill. App. 3d at 972; *Thomas,* 125 Ill. App. 3d at 420.

In the case at bar, defendant's letter was addressed to the Director of the Department of Insurance of the State of Illinois. Section 401 of the Insurance Code (Ill. Rev. Stat. 1987, ch. 73, par. 1013) lists the general powers of the Director of the Department of Insurance:

> "The Director is charged with the rights, powers and duties

appertaining to the enforcement and execution of all the insurance laws of this State. He shall have the power

(a) to make reasonable rules and regulations as may be necessary for making effective such laws;

(b) to conduct such investigations as may be necessary to determine whether any person has violated any provision of such insurance laws;

(c) to conduct such examinations, investigations and hearings in addition to those specifically provided for, as may be necessary and proper for the efficient administration of the insurance laws of this State; and

(d) to institute such actions or other lawful proceedings as he may deem necessary for the enforcement of the Illinois Insurance Code or of any Order or action made or taken by him under this Code. The Attorney General, upon request of the Director, may proceed in the courts of this State to enforce an Order or decision in any court proceeding or in any administrative proceeding before the Director."

In addition, section 401.1 of the Insurance Code (Ill. Rev. Stat. 1987, ch. 73, par. 1013.1) provides that the Director may issue and cause to be served upon companies and persons subject to examination by the Director, or purporting to do insurance business in Illinois, orders requiring such persons or companies to cease and desist from engaging in acts, practices or transactions which are hazardous to their policyholders, creditors or the public, or which threaten to render these persons or companies insolvent. The Director is empowered to make such orders as may be reasonably necessary to correct, eliminate or remedy the deleterious conditions and to impose fines of up to $100 per day for each day that the persons or companies violate or fail to comply with its orders. The Director may enforce the liability of any person or company for fines that it imposes by prosecuting an action in any court of competent jurisdiction. Lastly, section 403 of the Insurance Code (Ill. Rev. Stat. 1987, ch. 73, par. 1015) provides that the Director shall have the power to compel attendance of any person by subpoena, to administer oaths and to examine any person under oath concerning the business, conduct or affairs of any company or person subject to the provisions of the Insurance Code, and to require the production of any books, records or papers relevant to the Director's inquiry.

■ We are of the opinion that the Department of Insurance possesses most of the powers that distinguish a quasi-judicial body from a body that is performing merely administrative functions. The Director of the Department of Insurance has the power to exercise judgment

and discretion; to hear and determine or to ascertain facts and decide; to make binding orders; to examine witnesses, to compel the attendance of witnesses, and to hear the litigation of issues on a hearing; and to enforce decisions or impose penalties. The Director does not have the power to affect the personal or property rights of private persons. However, it is not essential that an administrative agency have this power to be considered a quasi-judicial body. See *Thomas*, 125 Ill. App. 3d 415 (holding that the Equal Employment Opportunity Commission is a quasi-judicial body even though it does not have the power to resolve conclusively the claim of discrimination).

■ We are also of the opinion that defendant's letter to the Department of Insurance was a preliminary step to a quasi-judicial proceeding and, as such, was absolutely privileged. The absolute privilege embraces actions required or permitted by law in the course of judicial or quasi-judicial proceedings as well as actions "necessarily preliminary" to judicial or quasi-judicial proceedings. (*Tiedemann v. Superior Court* (1978), 83 Cal. App. 3d 918, 148 Cal. Rptr. 242 (letter to Internal Revenue Service designed to prompt regulatory enforcement action must be considered a part of the official proceeding itself and is cloaked with absolute immunity); *S.A. Robertson v. Industrial Insurance Co.* (Fla. 1954), 75 So. 2d 198 (letter to Insurance Commissioner requesting a hearing with regard to the activities of plaintiff was necessarily preliminary to a quasi-judicial proceeding and absolutely privileged); *Wiener v. Weintraub* (1968), 22 N.Y.2d 330, 292 N.Y.S.2d 667, 239 N.E.2d 540 (letter to Grievance Committee of Association of the Bar of the City of New York initiated a judicial proceeding and was absolutely privileged); *Moore v. West Lawn Memorial Park, Inc.* (1973), 266 Or. 244, 512 P.2d 1344 (letter to State Board of Funeral Directors and Embalmers was absolutely privileged).) In the instant case, defendant's letter was addressed to the Department of Insurance, an agency charged with the "rights, powers and duties appertaining to the enforcement and execution of all the insurance laws of this State." (Ill. Rev. Stat. 1987, ch. 73, par. 1013.) The Department of Insurance is required to "conduct such investigations as may be necessary to determine whether any person has violated any provision of" the Insurance Code (Ill. Rev. Stat. 1987, ch. 73, par. 1013(b).) Defendant requested that the Department of Insurance initiate an investigation of Safeway Insurance Company because of the number of lawsuits pending against Safeway Insurance Company. Defendant's letter was designed to prompt an investigation of Safeway Insurance Company. The letter was a preliminary step to the investigation of Safeway Insurance Company and to the Department of Insurance's exercise of its

quasi-judicial powers. Consequently, the letter was absolutely privileged. *Ramstead v. Morgan* (1959), 219 Or. 383, 347 P.2d 594; *Reagan v. Guardian Life Insurance Co.* (1942), 140 Tex. 105, 166 S.W.2d 909.

Plaintiff maintains that the "defamatory" statements in the letter to the Department of Insurance are not privileged because the letter was not solicited by the Department of Insurance. Plaintiff, however, has not cited any Illinois cases in support of this proposition. We note that in *Starnes* (141 Ill. App. 3d at 659), this court held that letters presented by defendant to the Judicial Inquiry Board were absolutely privileged against claims of defamation so as to preclude actions for libel or slander based thereon. In *Allen* (105 Ill. App. 3d at 890-91), this court observed that the Attorney Registration and Disciplinary Commission is a quasi-judicial body created to administer attorney discipline and communications with that body are absolutely privileged. See also *Tiedemann*, 83 Cal. App. 3d 918; *Robertson*, 75 So. 2d 198; *Wiener*, 22 N.Y.2d 330, 292 N.Y.S.2d 667, 239 N.E.2d 540; *Ramstead*, 219 Or. 383, 347 P.2d 594; *Putter v. Anderson* (Tex. Civ. App. 1980), 601 S.W.2d 73.

■■■ We also note that the Department of Insurance has been entrusted with the responsibility to enforce the insurance laws of this State and to conduct investigations to determine whether any person has violated any provisions of the Insurance Code. The task of the Department of Insurance would be difficult if parties could not freely communicate with the Department. Moreover, a substantial segment of the public is affected by the activities of insurance companies. The citizens of this State should have the right to appeal to the Department of Insurance for redress without fear of an action for defamation. Consequently, we refuse to restrict the privilege to letters solicited by the Department of Insurance.

Next, plaintiff maintains that the statements in the letter are not absolutely privileged because the letter "was not confidential." Plaintiff has not explained to this court why he believes the letter "was not confidential." The letter was addressed to, and received by, the Director of the Department of Insurance. Plaintiff did not allege in his Complaint that the letter or copies thereof were sent to third parties, nor does the letter so indicate. Moreover, plaintiff did not allege in his Complaint that the Department of Insurance has divulged, or is required to divulge, the contents of the letter to third parties. We cannot find any basis for plaintiff's contention.

Lastly, plaintiff maintains that the Department of Insurance does not have jurisdiction over attorneys, and consequently, the statements in the letter to the Department of Insurance are not absolutely privi-

leged. Defendant addressed the letter to the Department of Insurance and called upon the Department to initiate an investigation of Safeway Insurance Company. In the letter, defendant stated that Safeway Insurance Company is defending 6 to 10 times as many lawsuits, when compared to policies issued, as Allstate Insurance Company or State Farm Insurance Company. Defendant suggested that Safeway Insurance Company might be insolvent and might be using the court system to delay payment of insurance claims. The letter does contain references to plaintiff. However, these references are all related to plaintiff's relationship with Safeway Insurance Company. As observed by the circuit court, "the thrust of defendant's letter is to ask the Director to compel Safeway to take action about the handling of its caseload, not to take action" against plaintiff.

We note that pursuant to section 144.1 of the Insurance Code (Ill. Rev. Stat. 1987, ch. 73, par. 756.1), insolvent insurance companies are prohibited from issuing insurance policies. Also, it is an improper claims practice for an insurance company to engage in "activity which results in a disproportionate number of lawsuits to be filed against the insurer or its insureds by claimants." (Ill. Rev. Stat. 1987, ch. 73, par. 766.6(g).) The Department of Insurance clearly has jurisdiction over Safeway Insurance Company and would be concerned about the alleged problems noted in the letter. We are of the opinion that the references to plaintiff in the letter were pertinent to the issues raised by defendant and are absolutely privileged. See *Weiler v. Stern* (1978), 67 Ill. App. 3d 179, 384 N.E.2d 762; *Macie v. Clark Equipment Co.* (1972), 8 Ill. App. 3d 613, 290 N.E.2d 912 (a party is not answerable for statements which have any bearing on the subject at issue); see also *Defend v. Lascelles* (1986), 149 Ill. App. 3d 630, 500 N.E.2d 712 (otherwise defamatory statements made in a pleading filed in a judicial proceeding enjoy an absolute privilege if they are relevant, pertinent, or bear some relation to the subject in controversy).

We conclude that the statements in the letter are not defamatory. However, even assuming that the statements are defamatory, they are absolutely privileged against claims of defamation. Accordingly, we affirm the order of the circuit court of Cook County dismissing the Complaint for failure to state a cause of action.

Affirmed.

McNAMARA and RIZZI, JJ., concur.