ILLINOIS COLLEGE OF OPTOMETRY, an Illinois not-for-profit corporation; David A. Greenberg, O.D., M.P.H., an individual; and Mark K. Colip, O.D., an individual, Plaintiffs,

v.

Maria LABOMBARDA, an individual, Defendant.

No. 95 C 3051.

United States District Court, N.D. Illinois, Eastern Division.

Jan. 12, 1996.

432

Burr Erich Anderson and Kathleen M. Sullivan, Anderson & Franklin, Chicago, Illinois, for Plaintiffs.

Alan E. Sohn, Chicago, Illinois, for Defendant.

## MEMORANDUM OPINION AND ORDER

ALESIA, District Judge.

Plaintiffs, Illinois College of Optometry and two doctors employed by the college, David A. Greenberg and Mark K. Colip, have brought an action based on diversity of citizenship, *see* 28 U.S.C. § 1332, against the defendant, Maria Labombarda, to recover damages for defamation, abuse of process, intentional interference with contractual relations, and false light invasion of privacy. The action is based on a letter complaint defendant sent to the Council on Optometric Education ("Council") and a leaflet defendant allegedly disseminated to the community.

Defendant has filed a motion to dismiss all portions of the plaintiffs' complaint which relate to the letter sent to the Council on the ground that the communication was absolutely privileged. Defendant also has moved to dismiss plaintiffs' claims for abuse of process and intentional interference with contractual relations.

The first issue for the court is whether the Council on Optometric Education is a quasi-judicial body, thereby entitling the defendant to an absolute privilege for statements made in her letter complaint to the Council. The law in Illinois is clear that statements made during quasi-judicial proceedings are absolutely privileged and that this protection includes testimony given before administrative agencies, as well as communications to administrative agencies, when these agencies are performing a judicial function. *Parrillo, Weiss & Moss v. Cashion,* 181 Ill.App.3d 920, 130 Ill.Dec. 522, 525, 537 N.E.2d 851, 854 (1989); *Kalish v. Illinois Education Association,* 157 Ill. App.3d 969, 110 Ill.Dec. 72, 74–75, 510 N.E.2d 1103, 1105–06 (1987). The determination of whether a given proceeding by an administrative or executive body is quasi-judicial depends upon the powers and duties of the body conducting the proceeding and upon the nature of the proceedings themselves. *Kalish,* 110 Ill.Dec. at 75, 510 N.E.2d at 1106. The Illinois courts have identified the following six powers that differentiate a quasi-judicial body from that performing merely an administrative function: "(1) the power to exercise judgment and discretion; (2) the power to hear and determine or to ascertain facts and decide; (3) the power to make binding orders and judgments; (4) the power to affect the personal or property rights of private persons; (5) the power to examine witnesses, to compel the attendance of witnesses and to hear the litigation of issues on a hearing; and (6) the power to enforce decisions or impose penalties." *Id.* A quasi-judicial body also need not possess all six powers; nonetheless, the more powers it does possess, the more likely it is acting in a quasi-judicial manner. *Id.*

At the outset of its discussion, the court notes that the Secretary of the Department

of Education is invested with authority by Congress to promulgate standards to determine whether an accrediting agency should be nationally recognized. 20 U.S.C. § 1099b(a) (1995). The purpose is to ensure that these agencies are "reliable authorities as to the quality of education or training offered by the institutions of higher education or the higher education programs they accredit." 34 C.F.R. § 602.1(a)(1). The Council on Optometric Education is one such agency, and is recognized by the Secretary as the accrediting body for optometric degree, optometric residency, and optometric technician programs. List of Nationally Recognized Accrediting Agencies and Association, 50 Fed.Reg. 40213 (1985).

The Council, through its established procedures of evaluation and monitoring, attempts to ensure that colleges of optometry maintain high standards of education quality. One way it does this is through its willingness to receive specific complaints from groups or individuals concerning the quality of the education offered by accredited schools and colleges of optometry, or the lack of compliance with the accreditation standards and requirements of the Council. The procedures for filing a complaint are clear and simple. The complaint should be in writing, signed by the complainant, sent to the Administrative Director or the Chair of the Council, and should be specific in detail with supporting documentation, if available. Upon receipt of the complaint, the Council forwards a copy to the chief executive officer of the program for response and appropriate documentation. In the event that an on-site evaluation of the college is scheduled within two months of the receipt of the complaint, the Council refers the complaint to the chair of the evaluation team visiting the program for investigation and action during the regular evaluation process. If no on-site evaluation is scheduled, the chair of the Council, upon receipt of the institution's response, encourages informal efforts to settle the differences. If the differences are not resolved and appear to be substantial, the chair of the Council appoints two members of the Council to investigate the complaint. The investigation may, but need not necessarily, include a visit to the institution and hearings if deemed appropriate. The investigative team also has access to any and all information relevant to the inquiry. Upon completion of the investigation, the investigative team reports to the Council, which takes appropriate action, including but not limited to dismissing the complaint, requiring a focus visit, or scheduling a full evaluation visit.

■ It is apparent from the foregoing review that the Council on Optometric Education has most of the powers that separate a quasi-judicial body from one performing merely administrative functions. First, the Council has the power to exercise judgment and discretion. By the powers vested in it by the Secretary of the Department of Education, the Council is the nationally recognized accrediting agency for optometric education in the United States. Second, it has the power to hear and determine or to ascertain facts and decide. Third, it has the power to hold hearings where deemed appropriate, and has access to any and all information relevant to its inquiry. Fourth, it has the power to make decisions about the institutions it accredits. Therefore, in this court's judgment, the Council on Optometric Education is a quasi-judicial body under Illinois law.

■ Simply because it is a quasi-judicial body, however, does not end the inquiry. The absolute privilege only embraces actions required or permitted by law in the course of judicial or quasi-judicial proceedings as well as proceedings "necessarily preliminary" to judicial or quasi-judicial proceedings. *Cashion*, 130 Ill.Dec. at 527, 537 N.E.2d at 856; *see also Baravati v. Josephthal, Lyon & Ross, Inc.*, 28 F.3d 704, 708 (7th Cir.1994) (while the NASD has quasi-judicial responsibilities entitling participants in proceedings before it to an absolute privilege, the privilege does not extend to routine forms submitted to the NASD outside the quasi-judicial regulatory process). Here, though, the defendant's letter to the Council was a preliminary step to a quasi-judicial proceeding and, as such, was absolutely privileged. Consequently, this court holds that the statements in the letter to the Council on Optometric Education are not actionable. Therefore, de-

**434**

fendant's motion to dismiss all portions of the plaintiffs' complaint which relate to the letter is granted.

Next, the defendant moves to dismiss Count IV, plaintiffs' claim for abuse of process. Plaintiffs, in their response to the motion, agree to dismiss their claim for abuse of process. Accordingly, Count IV is dismissed with prejudice.

 Finally, defendant also moves to dismiss plaintiffs' claim in Count V for intentional interference with contractual relations. Under Illinois law, the elements of the tort of intentional interference with contractual relations are the following: "(1) the existence of a valid and enforceable contract between the plaintiff and another; (2) the defendant's awareness of this contractual relation; (3) the defendant's intentional and unjustified inducement of a breach of the contract; (4) a subsequent breach by the other, caused by the defendant's wrongful conduct; and (5) damages." *Roy v. Coyne,* 259 Ill.App.3d 269, 196 Ill.Dec. 859, 863, 630 N.E.2d 1024, 1028 (1994) (citing *HPI Health Care Services, Inc. v. Mt. Vernon Hospital, Inc.,* 131 Ill.2d 145, 137 Ill.Dec. 19, 23, 545 N.E.2d 672, 676 (1989)). Defendant argues that plaintiffs' claim should be dismissed for failure to set forth the elements of the tort in any fashion. While the court is well aware of the existence of notice pleading in the federal courts, the court agrees with the defendant that plaintiffs have not alleged enough facts in order to state a claim. Accordingly, Count V of plaintiffs' complaint is dismissed without prejudice.

### CONCLUSION

Defendant Maria Labombarda's motion to dismiss all portions of plaintiffs' complaint based on defendant's letter complaint to the Council on Optometric Education is granted. Defendant's motion to dismiss plaintiffs' claims for abuse of process and intentional interference with contractual relations is granted. Count IV is dismissed with prejudice. Count V is dismissed without prejudice.