BERNARD HEEREY, Plaintiff and Counterdefendant, v. BENITTA BERKE *et al.*, Defendants (Benitta Berke, Counterplaintiff and Third–Party Plaintiff-Appellant; Nathaniel I. Grey *et al.*, Third-Party Defendants-Appellees).

First District (3rd Division)   No. 1—87—1836

Opinion filed September 6, 1989.

528

Steven R. Dobrofsky, of Chicago, for appellant.

Richard H. Victor, of Chicago, for appellees.

JUSTICE RIZZI delivered the opinion of the court:

Third-party plaintiff, Benitta Berke (Berke), appeals from an order of the circuit court of Cook County dismissing with prejudice counts VI and VII of her amended third-party complaint. Counts VI and VII alleged that a letter drafted and published by third-party defendants Nathaniel I. Grey (Grey), an attorney, and Foss, Schuman, Drake & Bernard (Foss), a law partnership, constituted libel *per quod* and libel *per se*. Berke argues on appeal that she sufficiently alleged causes of action for libel *per quod* and libel *per se*. Berke additionally argues that (1) it was error for the trial court to apply the innocent construction rule to count VI, the libel *per quod* action, when it ruled on the section 2—615 motion to dismiss (Ill. Rev. Stat. 1985, ch. 110, par. 2—615) and (2) that the trial court misapplied the innocent construction rule when it dismissed count VII, the libel *per se* action. We affirm.

The following facts were alleged in counts VI and VII of the amended third-party complaint. Berke is an attorney, businesswoman, and owner of property located at 1161 North State Street in Chicago. Since 1983, Heerey has owned the adjacent and contiguous property located at 1159 North State Street. On May 7, 1985, Berke wrote Heerey demanding the removal of an electrical conduit which constituted a trespass on her property. In response, on May 9, 1985, Grey, of counsel to Foss, wrote to Benitta Berke on behalf of Heerey, with copies sent to Joseph Berke, Lou Wolf and Bernard Heerey, the following:

"Please be sure that any attempts made to ownership of the

property you claim to own are in fact legal and not extralegal. In recent months, there was [an] arson attempt in the first floor of the building at 1159 North State Street, and I need to be sure that there are no covert threats and extralegal self-help to be inferred from your letter of May 7, 1985."

This May 9, 1985, letter from Grey is the subject of the alleged libel. Grey and Foss presented separate motions to dismiss counts VI and VII of the complaint for failure to state causes of action for libel *per quod* and libel *per se*. The trial court dismissed both counts. This appeal followed.

On appeal, Berke argues that the trial court erred in dismissing count VII. It is Berke's position that the trial court misapplied the innocent construction rule to count VII, the libel *per se* action. We disagree.

■■ The trial court may apply the innocent construction rule when ruling on motions to dismiss filed pursuant to both section 2—615 and section 2—619. (*Berkos v. National Broadcasting Co.* (1987), 161 Ill. App. 3d 476, 489, 515 N.E.2d 668, 673-75; *Renard v. Columbia Broadcasting System, Inc.* (1984), 126 Ill. App. 3d 563, 566, 467 N.E.2d 1090, 1093.) When ruling on a motion to dismiss, the trial court accepts as true all well-pled facts, as well as all reasonable inferences favorable to the party opposing the motion which may be drawn from the facts. (*Richardson v. Dunbar* (1981), 95 Ill. App. 3d 254, 255-56, 419 N.E.2d 1205, 1207.) The court does not, however, accept as true mere conclusions of law or fact. (*Payne v. Mill Race Inn* (1987), 152 Ill. App. 3d 269, 273, 504 N.E.2d 193, 196.) The complaint should not be dismissed unless the pleadings disclose that no set of facts could be proved that would entitle the plaintiff to relief. (*Yardley v. Yardley* (1985), 137 Ill. App. 3d 747, 752, 484 N.E.2d 873, 877.) On review, the allegations of the complaint are to be interpreted in the light most favorable to the plaintiff. (*Richardson*, 95 Ill. App. 3d at 256.) Although the question of whether a statement is reasonably understood as defamatory is generally a question of fact for the jury, it is nevertheless the role of the court to determine, in the first instance, if the alleged defamatory remark is reasonably susceptible to an innocent construction. *Berkos*, 161 Ill. App. 3d at 485.

■ Defamatory writing is either libelous *per se* or *per quod*. (*Bruck v. Cincotta* (1977), 56 Ill. App. 3d 260, 263, 371 N.E.2d 874, 877.) An action for defamation based upon libel *per se* requires that the words used by the defendant are in and of themselves so obviously and materially harmful to the plaintiff that a showing of special damages or the injurious character is unnecessary. (*Bruck*, 56 Ill. App.

3d at 264; *Owen v. Carr* (1986), 113 Ill. 2d 273, 277, 497 N.E.2d 1145, 1147.) To be defamatory *per se*, the words themselves, without the aid of extrinsic facts to explain them, must be so obviously and inevitably hurtful that damage is presumed. (*Zeinfeld v. Hayes Freight Lines, Inc.* (1968), 41 Ill. 2d 345, 348, 243 N.E.2d 217, 220.) A writing is libelous *per se* and is actionable without proof of special damages if it contains a false statement which imputes to the plaintiff any of the following: (1) commission of a crime; (2) infection with a loathsome disease; (3) unfitness or want of integrity in performing the duties of an office or employment; and (4) words which adversely reflect on a particular party's abilities in his or her business, trade or profession. *Owen*, 113 Ill. 2d at 277; *Allen v. Ali* (1982), 105 Ill. App. 3d 887, 889, 435 N.E.2d 167, 168-69; *Britton v. Winfield Public Library* (1981), 101 Ill. App. 3d 546, 548, 428 N.E.2d 650, 652.

■ There is no general rule defining what words are defamatory, and each case must be decided based upon its own facts. (*Bruck v. Cincotta* (1977), 56 Ill. App. 3d 260, 266, 371 N.E.2d 874, 879.) In order for words charging the commission of a crime to be libelous *per se*, the offense must be indictable, involve moral turpitude and be punishable by death or imprisonment rather than a fine. (*Bruck*, 56 Ill. App. 3d at 264.) To constitute libel *per se*, however, the offensive accusation need not state the commission of a crime in terms of art or with the particularity of an indictment. *Zeinfeld v. Hayes Freight Lines, Inc.* (1968), 41 Ill. 2d 345, 348, 243 N.E.2d 217, 220.

■■ In *Chapski v. Copley Press* (1982), 92 Ill. 2d 344, 352, 442 N.E.2d 195, 199, our supreme court gave the following explanation of how to apply the innocent construction rule to determine whether language constitutes libel *per se*:

"[A] written or oral statement is to be considered in context, with the words and the implications therefrom given their natural and obvious meaning; if, as so construed, the statement may reasonably be innocently interpreted or reasonably be interpreted as referring to someone other than the plaintiff it cannot be actionable *per se*. This preliminary determination is properly a question of law to be resolved by the court in the first instance; whether the publication was in fact understood to be defamatory or to refer to the plaintiff is a question for the jury should the initial determination be resolved in favor of the plaintiff." *Chapski*, 92 Ill. 2d at 352.

■■ ■ Although statements made in the form of insinuation, allusion, irony or question may be considered as defamatory, applying the rule of innocent construction to the case at bar, we find as a matter

of law that the language of the May 9, 1985, letter does not constitute libel *per se*. The statements when considered in context may reasonably be innocently interpreted. Specifically, the comments may reasonably be interpreted as indicating a concern for the future that there be no covert threats and/or extralegal self-help implied by Berke's letter. In addition, the reference to the arson attempt may reasonably be interpreted as referring to someone other than Berke. Where language which otherwise might be considered actionable is conditioned or qualified such as by inclusion of the word "if," it is not actionable *per se*. (*Bruck v. Cincotta*, 56 Ill. App. 3d at 264, 371 N.E.2d at 878.) The words do not import commission of a crime by Berke and may not be so construed by reference to words not part of the language complained of. *Richardson*, 95 Ill. App. 3d at 260.

Berke further argues that the trial court erred when ruling on the section 2—615 motion to dismiss when it applied the innocent construction rule to count VI, the libel *per quod* action and dismissed the cause of action. We disagree.

■ As previously stated, the trial court may apply the innocent construction rule when ruling on a section 2—615 motion to dismiss. Words libelous *per quod* are false but require an innuendo to give them a libelous meaning and require evidence to show that as a matter of fact some substantial injury has followed from their use. (*Bruck*, 56 Ill. App. 3d at 264.) Loosely translated, *per quod* means "with explanation." (*Allen v. Ali* (1982), 105 Ill. App. 3d 887, 889, 435 N.E.2d 167, 169.) In order to prevail, a plaintiff must plead the defamatory meaning of otherwise ambiguous words and special damages. (*Renard*, 126 Ill. App. 3d at 566.) That is, specific factual allegations of extrinsic facts, malice, and special damages must be alleged with particularity. *Pruitt v. Chow* (7th Cir. 1984), 742 F.2d 1104; *Richardson v. Dunbar* (1981), 95 Ill. App. 3d 254, 260, 419 N.E.2d 1205, 1210.

■ The allegations in count VI state that Grey and Foss maliciously composed and published the false, malicious and defamatory letter, intending to convey that Berke was an arsonist. It is further alleged that the letter was composed and published in a wilful, wanton and reckless manner, in total disregard of Berke's rights, and that as a result Berke has been exposed to hatred, contempt, ridicule, embarrassment and humiliation. The allegations also state that the letter has caused Berke to suffer distress of mind, mental anguish, acute nervousness, bodily pain and that her reputation for honesty and integrity, business opportunities, as well as her standing in her profession have been impaired. General allegations as to damages, such as damage to one's health, emotional distress, damage to reputation and

economic loss, are insufficient to state a cause of action for defamation *per quod*. (*Richardson v. Dunbar* (1981), 95 Ill. App. 3d 254, 260, 419 N.E.2d 1205, 1210; *Bruck v. Cincotta* (1977), 56 Ill. App. 3d 260, 266, 371 N.E.2d 874, 879-80.) Therefore, we find that the allegations contained in count VI are insufficient to state a cause of action for libel *per quod*.

▇▇ Since Berke failed to aver any special damages, specific defamatory meaning and/or malice, her right to recover depends on whether the alleged libelous statements constitute libel *per se*. (*Fried v. Jacobson* (1983), 99 Ill. 2d 24, 26, 457 N.E.2d 392, 394.) In view of our prior conclusion that a libel *per se* action was not alleged in the third-party complaint, we hold that the trial court properly sustained the motions to dismiss this cause on its pleadings. The subject words are simply not defamatory, either *per se* or *per quod*.

Accordingly, the judgment of the circuit court is affirmed.

Affirmed.

FREEMAN, P.J., AND McNAMARA, J.,* concur.

---

*Justice McNamara participated in this opinion prior to his assignment to the sixth division.