RONALD S. TARADASH, Plaintiff-Appellant, v. ADELET/SCOTT-FETZER COMPANY *et al.*, Defendants-Appellees.

First District (1st Division)    No. 1—92—1906

Opinion filed December 27, 1993.

John B. Schwartz & Associates, of Chicago (John B. Schwartz, of counsel), for appellant.

McDermott, Will & Emery, of Chicago (John R. Doyle and Anne Pramaggiore, of counsel), for appellees.

PRESIDING JUSTICE MANNING delivered the opinion of the court:

Plaintiff Ronald S. Taradash filed a complaint in the circuit court of Cook County seeking to recover damages for the alleged injuries he suffered as a result of the allegedly false and defamatory statements made by James Catlin to other employees and business customers of defendant. Plaintiff alleged that, as a result of the statements made by Catlin, his professional and business reputation was injured. Defendants Adelet/Scott-Fetzer Company (Adelet) and James Catlin (Catlin) filed a motion to dismiss, arguing that plaintiff's complaint failed to state a cause of action for defamation *per se* or defamation *per quod*. The trial court granted defendants' motion and dismissed plaintiff's complaint.

On appeal, plaintiff argues that: (1) the trial court erred in finding that the statement "lack of performance" was reasonably susceptible of an innocent construction; and (2) the innocent construction rule conflicts with United States Supreme Court precedent.

The record reveals that on May 13, 1991, plaintiff filed a complaint against defendants in the circuit court of Cook County. The complaint alleged that plaintiff was a sales representative with Adelet, that he was a person of good name, fame and repute, and was held in high esteem by and among his acquaintances, clients,

customers, members of the hardware-selling community and members of his profession.

Plaintiff contended that defendants knowingly made defamatory remarks to third parties regarding his job performance. Specifically, plaintiff alleged that Catlin, on May 18, 1990, advised plaintiff that he would no longer be employed as a sales representative in the northern Illinois district because of lack of performance. On that same date, Adelet, through its agents, then advised its customers that plaintiff would no longer be employed as a sales representative with the company because of plaintiff's lack of performance. Plaintiff further alleged in his complaint that Adelet through Catlin, via orders and directives, advised representatives of Adelet throughout the United States that plaintiff was terminated because of lack of performance.

Plaintiff averred that Catlin knew that his statements to others regarding plaintiff's termination because of lack of performance were false, and that these false statements constituted an attack upon plaintiff, resulting in great injury to his reputation and other injuries in an amount exceeding $15,000.

On May 13, 1993, defendants filed a motion to dismiss. They asserted that the statements upon which plaintiff based his complaint were subject to an "innocent construction." Defendants contended that the statements alleged by plaintiff to be defamatory did not attack plaintiff's ability to perform in his profession, but merely expressed that plaintiff did not meet the standards of performance that were set for him in his previous position with Adelet. Defendants further contended that the statements contested by plaintiff did not express an assessment of plaintiff's ability to perform his profession. Because of these deficiencies, defendants asserted that the statements could have a reasonably innocent construction. Defendants also filed a memorandum in support of its motion to dismiss.

Plaintiff filed a response to defendants' motion to dismiss, argument was heard and the court dismissed plaintiff's complaint. The court, however, gave plaintiff leave to replead his complaint within 28 days.

Plaintiff filed his amended complaint on December 2, 1991. In his amended complaint plaintiff pleaded that, because of the defamatory statements made to former customers by defendant, others: (1) refused to deal with him; (2) refused to place orders with him as they had in the past; and (3) did not enter into contracts with him. Plaintiff also alleged in the amended complaint that because of Catlin's defamatory statements and plaintiff's subsequent termination from Adelet he

was not able to fully sell his new product lines. Plaintiff maintained that as a result of defendants' actions he lost commission and income that he otherwise would have earned had Catlin not made the defamatory statements.

On January 3, 1992, defendants filed in the trial court a motion to dismiss plaintiff's amended complaint. Defendants asserted in their motion that plaintiff's amended complaint was deficient in that it recited the same allegations as were contained in plaintiff's original complaint. Defendants further asserted that plaintiff's amended complaint, similar to his original complaint, did not state a cause of action under defamation *per se*. Moreover, defendants maintained that plaintiff did not plead extrinsic facts nor did he adequately plead special damages as required to bring the action under the doctrine of defamation *per quod*.

On February 10, 1992, plaintiff filed a response to defendants' motion to dismiss. Plaintiff conceded that although the innocent construction rule precluded him from maintaining a defamation *per se* cause of action, it did not preclude him from maintaining a cause of action on the *per quod* theory. Plaintiff also asserted that the Illinois Supreme Court's reasons for adopting the rule in 1962 were overly protective of the valid interests of free speech.

On February 14, 1992, defendants filed a reply in support of their motion to dismiss, and on February 24, 1992, the court dismissed plaintiff's amended complaint with prejudice. On March 24, 1992, plaintiff filed a notice of appeal.

Plaintiff first argues that the trial court erred in granting defendants' motion to dismiss. Specifically, plaintiff contends that the trial court was required to construe the complaint strictly in his favor, taking all well-pleaded facts and reasonable inferences therefrom. (*Heerey v. Burke* (1989), 188 Ill. App. 3d 527.) Plaintiff maintains that he sufficiently pled facts supporting his claim of defamation *per se*. Plaintiff cites to *Colson v. Stieg* (1980), 86 Ill. App. 3d 993, 408 N.E.2d 431, for the proposition that the statements made by defendants were actionable. Plaintiff maintains that the existence of underlying facts on which defendants based their representation could be inferred from the context in which the statement was made.

Defendants assert that plaintiff's claim is based on the doctrine of defamation *per se* and that, in Illinois, the innocent construction rule applies to such a claim. Defendants cite to *Chapski v. Copley Press* (1982), 92 Ill. 2d 344, 442 N.E.2d 195, for the proposition that where an allegedly defamatory statement is made, the statement must be given a reasonably innocent construction. Defendants argue that in the instant case, the trial court properly dismissed plaintiff's

complaint where the statement "lack of performance" reflected plaintiff's poor performance and not his absence of ability.

We first note that the record reveals plaintiff has conceded the issue of defamation *per se.* In plaintiff's response to defendants' motion to dismiss the amended complaint, plaintiff stated:

"Although this court's application of the innocent construction rule precludes Taradash's maintaining a *per se* cause of action, that rule is not applicable to the analysis of *per quod* actions."

Further, although plaintiff filed an amended complaint, the amended complaint was identical to the original complaint, with the exception of one paragraph. In paragraph 11 of his amended complaint, plaintiff alleged that because of the defamatory remarks by Adelet and Catlin, former customers refused to deal with him as they had in the past, failed to enter into contracts with him, and that he was unable to sell his product line. Plaintiff asserted that he therefore lost commission and income that he would have earned had the defamatory statement not been made. However, plaintiff failed to provide evidence to rebut the trial court's determination that the phrase "lack of performance" could be given a reasonably innocent construction.

It is conceivable that the statement as alleged in the complaint could fall into two categories of defamation *per se*: (1) words that impute an inability to perform or want of integrity in the discharge of duties of office or employment; and (2) words that prejudice a party or impute lack of ability in his trade, profession or business. (*Dubrovin v. Marshall Field's & Co. Employee's Credit Union* (1989), 180 Ill. App. 3d 992, 996, 536 N.E.2d 800.) However, that is only one possible construction. It is also conceivable that the words could be innocently constructed. There are a variety of plausible explanations as to why plaintiff did not perform: the economic conditions in the industry may have made it impossible for him to perform; the performance standards set by Adelet may not have been reasonable; some other conflict inside or outside of the work environment may have precluded him from meeting the standard of his position or plaintiff could have chosen not to meet the standards set for him.

■ Whether a statement is reasonably susceptible to an innocent construction is a question of law to be decided by the trial court. (*Rosner v. Field Enterprises, Inc.* (1990), 205 Ill. App. 3d 769.) The trial court, in determining whether the statement is defamatory, is required to focus on the predictable effect the statement had upon those who received the publication. (*Homerin v. Mid-Illinois Newspapers* (1993), 245 Ill. App. 3d 402, 614 N.E.2d 496.) In *Kakuris v. Klein* (1980), 88 Ill. App. 3d 597, 410 N.E.2d 984, the court found

that words "lack of achievement" were subject to the innocent construction rule where a communication had been published that the bank employee did not perform up to the high standards expected of officers of the bank and therefore dismissed plaintiff's action.

■ We likewise find that in the instant case, the court did not err in determining that the statement "lack of performance" made by defendants could be given a reasonably innocent construction. There are several plausible nondefamatory constructions that can be given to the words. Therefore, the court properly dismissed plaintiff's action. The issue now becomes whether plaintiff has pled, with specificity, extrinsic facts and special damages sufficient to support a defamation action *per quod*.

In paragraph 11 of his amended complaint plaintiff alleged that, because of the defamatory remarks by defendants, customers refused to deal with him, he was hindered from selling his product lines, and he suffered lost commissions and income. The pleadings failed to allege special damages or to set forth sufficient facts to satisfy the *per quod* action.

■ *Per quod* statements are not defamatory on their face and require extrinsic facts to explain their defamatory meaning. (*Kolegas v. Heftel Broadcasting Corp.* (1992), 154 Ill. 2d 1, 10, 607 N.E.2d 201.) General allegations of damages, such as damages to an individual's health or reputation or general economic loss, are insufficient to state a claim of defamation *per quod*. (See, *e.g., Schaffer v. Zekman* (1990), 196 Ill. App. 3d 727, 554 N.E.2d 988.) Where the extrinsic facts are insufficient to reasonably support the defamatory meaning plaintiff urges, dismissal of the complaint is in order. *Mittelman v. Witous* (1989), 135 Ill. 2d 220, 233, 552 N.E.2d 973.

■ In this case, plaintiff has not alleged that "would be" clients advised him that their decision not to do business with him was based upon the statements made by defendant. Additionally, plaintiff has not pointed to any actual loss which resulted from the alleged injury. Further, nowhere in the complaint has plaintiff pled special damages, as is required to recover on a *per quod* theory. (See, *e.g., Heerey v. Berke* (1989), 188 Ill. App. 3d 527, 544 N.E.2d 1037.) The complaint is fatally flawed for failure to allege these necessary elements.

A motion to dismiss pursuant to section 2—615 of the Code of Civil Procedure (Ill. Rev. Stat. 1991, ch. 110, par. 2—615) admits all well-pleaded facts and attacks only the legal sufficiency of those facts. (*Raprager v. Allstate Insurance Co.* (1989), 183 Ill. App. 3d 847, 854, 539 N.E.2d 787.) The trial court may apply the innocent construction rule when ruling on a motion to dismiss a defamation complaint filed pursuant to section 2—615. (*Heerey v. Berke* (1989), 188 Ill. App. 3d

527, 544 N.E.2d 1037.) Here, we find that the trial court properly applied the innocent construction rule to the *per se* action and that plaintiff has failed to plead facts sufficient to recover under the *per quod* theory of defamation. Therefore, the trial court did not err in dismissing his complaint.

Accordingly, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

CAMPBELL and BUCKLEY, JJ., concur.