NOTICE
Decision filed 04/14/21. The
text of this decision may be
changed or corrected prior to
the filing of a Petition for
Rehearing or the disposition of
the same.

2021 IL App (5th) 200226-U

NO. 5-20-0226

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE
This order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

| | | |
|---|---|---|
| JON McANELLY, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Williamson County. |
| | ) | |
| v. | ) | No. 19-L-136 |
| | ) | |
| DONALD GULLEY and SOUTHERN | ) | |
| ILLINOIS POWER COOPERATIVE, | ) | Honorable |
| | ) | Brad K. Bleyer, |
| Defendants-Appellees. | ) | Judge, presiding. |

JUSTICE VAUGHAN delivered the judgment of the court.
Justices Cates and Wharton concurred in the judgment.

**ORDER**

¶ 1    *Held*:  The trial court properly dismissed plaintiff's complaint with prejudice because defendant's cease and desist letter was not defamation *per se* and plaintiff conceded he could not prove defamation *per quod.*

¶ 2    Plaintiff, Jon McAnelly, appeals from the circuit court order dismissing with prejudice his two-count complaint for defamation *per se* against defendants, Donald Gulley, personally, and Gulley's employer, Southern Illinois Power Cooperative (SIPC).

¶ 3    On appeal, plaintiff argues that correspondence from Gulley to plaintiff was defamation *per se* and the trial court's dismissal, with prejudice, was in error. We disagree and affirm.

¶ 4                                        I. BACKGROUND

¶ 5    On June 27, 2019, Gulley sent correspondence to plaintiff on SIPC letterhead that stated:

1

"RE: NOTICE TO CEASE AND DESIST TRESPASS

***

On January 26, 2015, in connection with my termination of your employment at SIPC, I sent a letter informing you that you were not allowed on SIPC property without my express permission. Without obtaining my permission, you have repeatedly entered on SIPC property.

By this letter, you are notified that absent obtaining express permission from me prior to entry, **you may not enter upon any SIPC property**. SIPC owns entirety of the waters of the Lake of Egypt and its shoreline (below the 505' elevation). **Your entry upon the land and water of the Lake of Egypt is forbidden**. By this letter **SIPC notifies you to cease and desist trespassing on ALL SIPC property**. This Notice is issued in compliance with the Illinois Criminal Trespass to Real Property Statute (729 [*sic*] ILCS 5/21-3)." (Emphases in original.)

¶ 6     On September 20, 2019, plaintiff filed his complaint alleging defamation *per se* against Gulley in count I and *respondeat superior* against SIPC in count II. Both counts were based on Gulley's July 27, 2019, correspondence.

¶ 7     Defendants moved to dismiss the complaint under section 2-615 of the Code of Civil Procedure (735 ILCS 5/2-615 (West 2018)) based on the innocent construction rule. Defendants claimed the July 27, 2019, correspondence was a legal notification requesting plaintiff stay off SIPC's property.

¶ 8     On July 1, 2020, the trial court issued a docket entry order dismissing plaintiff's complaint with prejudice. Plaintiff appealed.

¶ 9                                    II. ANALYSIS

¶ 10    On appeal, plaintiff argues that (1) defendant Gulley's statements in the July 27, 2019, correspondence established defamation *per se* because it accused plaintiff of a crime and (2) the court abused its discretion by dismissing plaintiff's complaint with prejudice.

¶ 11                              A. Defamation *Per Se*

¶ 12    To state a defamation claim, a plaintiff must present facts showing that the defendant made a false statement about the plaintiff, that the defendant made an unprivileged publication of that statement to a third party, and that the publication caused damages to plaintiff. *Krasinski v. United Parcel Service, Inc.*, 124 Ill. 2d 483, 490 (1988). "A statement is defamatory if it impeaches a person's integrity, virtue, human decency, respect for others or reputation and thereby lowers that person in the estimation of the community or deters third parties from dealing with that person." *Newell v. Field Enterprises, Inc.*, 91 Ill. App. 3d 735, 741 (1980).

¶ 13    "There are two types of defamatory statements, defamation *per se* and defamation *per quod*." *Brennan v. Kadner*, 351 Ill. App. 3d 963, 968 (2004). Claims for defamation *per quod* require the plaintiff to plead and prove actual damages. *Bryson v. News America Publications, Inc.*, 174 Ill. 2d 77, 87-88 (1996). A defamatory *per se* statement is "obviously and naturally harmful to the person to whom it refers." *Owen v. Carr*, 113 Ill. 2d 273, 277 (1986). If a defamatory statement is actionable *per se*, the plaintiff need not plead or prove actual damage to his or her reputation to recover. *Bryson*, 174 Ill. 2d at 87.

¶ 14    Statements are considered defamation *per se* if they fall within one of the following five categories:

"(1) words that impute a person has committed a crime; (2) words that impute a person is infected with a loathsome communicable disease; (3) words that impute a person is unable

3

to perform or lacks integrity in performing his or her employment duties; (4) words that impute a person lacks ability or otherwise prejudices that person in his or her profession; and (5) words that impute a person has engaged in adultery or fornication." *Green v. Rogers*, 234 Ill. 2d 478, 491-92 (2009) (citing *Van Horne v. Muller*, 185 Ill. 2d 299, 307 (1998)).

Statements that fall within these categories are "so obviously and materially harmful" to a plaintiff that injury to a plaintiff's reputation may be presumed. *Bryson*, 174 Ill. 2d at 87.

¶ 15   On review of a 2-615 dismissal, we determine " 'whether the allegations of the complaint, when construed in the light most favorable to the plaintiff, are sufficient to establish a cause of action upon which relief may be granted.' " *Green*, 234 Ill. 2d at 491 (quoting *Vitro v. Mihelcic*, 209 Ill. 2d 76, 81 (2004)). "All facts apparent from the face of the pleadings, including the exhibits attached thereto, must be considered," and our review is *de novo*. *Id*. "A cause of action should not be dismissed under section 2-615 unless it is clearly apparent that no set of facts can be proved that would entitle the plaintiff to recovery." *Id.*

¶ 16   Although it would appear that the innocent construction rule is an affirmative defense that should be pled under section 2-619 (735 ILCS 5/2-619(a)(9) (West 2018)), such pleading is not always necessary because the court must first determine if the statement is reasonably susceptible to innocent construction. See *Tuite v. Corbitt*, 224 Ill. 2d 490, 509 (2006); *Heerey v. Berke*, 188 Ill. App. 3d 527, 530 (1989); *Taradash v. Adelet/Scott-Fetzer Co.*, 260 Ill. App. 3d 313, 318 (1993). As explained in *Becker v. Zellner*, 292 Ill. App. 3d 116, 123 (1997):

"[W]hile the question of whether a statement is reasonably understood as defamatory is generally a question of fact for the jury, it is nevertheless the role of the court to determine, in the first instance, if the alleged defamatory remark is reasonably susceptible to an

4

innocent construction. [Citations.] In other words, even though innocent construction is an affirmative defense and would normally only be raised in a section 2-619 motion, a court may review it under a section 2-615 motion because of the nature of the cause of action and the defense. Only the court may determine whether an allegation is capable of an innocent construction, and that determination can be made from the four corners of the complaint." (Internal quotation marks omitted.)

As the language in Gulley's correspondence was included both in the complaint and as an attachment thereto, we find this matter proper for review under section 2-615. However, we note that although we must, under section 2-615, accept as true all facts alleged in the complaint, we are not "required to accept the plaintiff's *interpretation* of the disputed statement as defamatory *per se*." (Emphasis in original.) *Tuite*, 224 Ill. 2d at 510. "The meaning of the disputed statement is not a fact that can be alleged and accepted as true." *Id*.

¶ 17 Here, plaintiff contends that Gulley's correspondence accused plaintiff of violating Illinois's criminal statutes by trespassing on SIPC property. No part of Gulley's correspondence directly accused plaintiff of "criminal trespass." Instead, plaintiff contends that selected portions of the letter impute that he committed a crime. The contention is based on Gulley's statement that plaintiff "repeatedly entered on SIPC property" without obtaining permission and Gulley's citation to Illinois criminal code. In response, defendants argue that the innocent construction rule precludes a finding of defamation *per se*.[1]

---

[1]Both in its briefing and during oral argument, defendants also argued that evidence submitted at the counterclaim hearing provided additional context for the letter and further proved that the allegations in plaintiff's complaint were false. We decline to accept or consider these contentions as our review of a section 2-615 dismissal, as pled by the defendants, requires us to accept as true all well-pled facts found in the complaint (*Bryson*, 174 Ill. 2d at 86) and precludes review of material that would also require an underlying section 2-619(a)(9) motion and affidavit, neither of which are present here.

5

¶ 18    "To constitute defamation *per se* based on imputing the commission of a crime, 'the crime must be an indictable one, involving moral turpitude and punishable by death or by imprisonment in lieu of a fine.' " *Kirchner v. Greene*, 294 Ill. App. 3d 672, 680 (1998) (quoting *Adams v. Sussman & Hertzberg, Ltd*., 292 Ill. App. 3d 30, 46 (1997)). At this juncture, we need not determine whether criminal trespass is a crime of moral turpitude because we are not required to accept the plaintiff's *interpretation* of the writing as defamation *per se* and we do not review selected passages in isolation when addressing the innocent construction rule. *Tuite*, 224 Ill. 2d at 510, 512.

¶ 19    Instead, when "construing the statement under the innocent construction rule, [we] must 'give the allegedly defamatory words their natural and obvious meaning' and interpret them 'as they appeared to have been used and according to the idea they were intended to convey to the reasonable reader.' " *Id.* at 510 (quoting *Bryson*, 174 Ill. 2d at 93). "[T]he context of [the] statement is critical in determining its meaning." *Id.* at 512. "A given statement may convey entirely different meanings when presented in different contexts." *Id.* "Thus, the innocent construction rule requires a writing 'to be read as a whole.' " *Id.* (quoting *John v. Tribune Co.*, 24 Ill. 2d 437, 442 (1962)). The length of the entire writing must be considered, even if it is a book, to determine the context of the allegedly defamatory statements. *Id*.

¶ 20    Here, Gulley's communication was a "cease and desist" letter sent to plaintiff that noted plaintiff's prior presence on SIPC property and advised that, in the absence of express permission from Gulley prior to entry, plaintiff was forbidden to enter on SIPC property. The letter further advised plaintiff that the Lake of Egypt was SIPC property. The correspondence concluded by demanding plaintiff "cease and desist trespassing" on the SIPC property and stated the "Notice" was issued in compliance with Illinois's criminal trespass statute.

6

¶ 21    Reviewing the entire writing, as we must, we do not find that the intent of Gulley's July 27, 2019, correspondence was to accuse plaintiff of criminal activity. Instead, we find the writing, based on the words used and idea they intended to convey to the reasonable reader, was to advise plaintiff that (1) he had been spotted on SIPC property since his termination, (2) SIPC's property included both the land and water encompassing the Lake of Egypt, and (3) plaintiff's future presence on SIPC's property, specifically including the Lake of Egypt, without Gulley's prior permission, would violate Illinois's criminal trespass code. Therefore, taken as a whole, we find that Gulley's July 27, 2019, correspondence is insufficient to constitute defamation *per se*.

¶ 22                              B. Dismissal With Prejudice

¶ 23    Plaintiff further contends that he should have been allowed to amend his complaint. A trial court's dismissal with prejudice is reviewed for an abuse of discretion. *Muirfield Village-Vernon Hills, LLC v. K. Reinke, Jr., & Co.*, 349 Ill. App. 3d 178, 195 (2004). However, here, plaintiff conceded that defamation *per quod* was not possible because he did not believe he would be able "to trace any economic *** damages to SIPC Defendants' letter" and further conceded that he "would accept the dismissal with prejudice if this Court rules that the letter is not defamatory *per se*." Based on our findings and plaintiff's concessions, we find the issue moot and affirm the trial court's dismissal of plaintiff's complaint with prejudice.

¶ 24                              III. CONCLUSION

¶ 25    For the reasons stated herein, we affirm the trial court's order dismissing plaintiff's complaint with prejudice.


¶ 26    Affirmed.