NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted September 20, 2017[*]
Decided September 21, 2017

**Before**

MICHAEL S. KANNE, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 16-4277

| | |
|---|---|
| PATRICIA CLARK, | Appeal from the United States District |
| *Plaintiff-Appellant*, | Court for the Northern District of Illinois, Eastern Division. |
| *v.* | |
| | No. 15 C 11890 |
| LAW OFFICE OF TERRENCE KENNEDY, JR., | Charles R. Norgle, |
| *Defendant-Appellee*. | *Judge*. |

**O R D E R**

Patricia Clark, a former legal assistant, appeals the decision to dismiss her employment-discrimination suit against her previous employer, a law firm, for failure to state a claim. She alleges that the firm treated her differently and fired her because of her age and her previous complaints of age discrimination. In addition she raises allegations of defamation, which the court dismissed as untimely and insufficient. Because Clark adequately states claims of discrimination and retaliation, we vacate the dismissal but leave intact the dismissal of her defamation claim.

---

[*] We have agreed to decide this case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. *See* FED. R. APP. P. 34(a)(2)(C).

We accept as true the allegations in Clark's amended complaint and its attachments, which include her previously filed administrative charges, *see* FED. R. CIV. P. 10(c); *Arnett v. Webster*, 658 F.3d 742, 751–52 (7th Cir. 2011). Clark was a legal assistant at the Law Office of Terrence Kennedy from 2006 until she was fired in 2013. She asserts that beginning in 2011, when she was 51, the firm began to treat "similarly situated legal assistants . . . who are significantly younger than [her] and who possess levels of seniority, discipline and work performance similar to [hers]" differently than her. Supervisors excluded her from meetings, removed her from work assignments and receptionist duties, issued her a poor performance evaluation that "contained false information," and suspended her. After she filed charges asserting that her age motivated this treatment, and eight days after a fact-finding conference investigating those charges, the law firm fired her "because of [her] age" and "in retaliation for filing discrimination charges." She adds that the firm twice defamed her during that investigation: first through statements it made at the fact-finding conference, and second when the firm supplied the agency's investigator with a personnel file that she says contained lies about her.

The law firm moved to dismiss the amended complaint, raising three arguments that the district court accepted. The firm argued first that the age claim failed because it was not plausible. According to the firm, for an allegation of age discrimination to be plausible, the plaintiff must allege more facts, including (for the discharge claim) that the employer replaced the plaintiff with a younger person. The firm argued next that the retaliation claim failed because, without more facts, it too was not plausible. Finally her defamation allegations, the law firm contended, were untimely and legally inadequate. Clark proposed a second amended complaint, which repeated the allegations recounted above, but the district court denied leave to file it. Clark submitted it days after the court-ordered deadline, the court observed, and she failed to allege an "essential element" of her claim: the Age Discrimination in Employment Act, the district court observed, applies to only those employing 20 people or more, and in the court's view Clark had not plausibly alleged that the company employed more than 17. The court terminated the suit, precipitating this appeal.

On appeal the parties principally focus on the proposed second amended complaint. We conclude that some of those claims, which Clark asserted also in her amended complaint that she now asks us to "reinstate," are legally sufficient, so the district court should not have dismissed them. We begin with age discrimination. The pleading requirement for employment-discrimination claims is minimal. A plaintiff need only identify the type of discrimination, when it occurred, and by whom. *See Tate*

*v. SCR Med. Transp.*, 809 F.3d 343, 346 (7th Cir. 2015) (sex discrimination); *Huri v. Office of the Chief Judge of the Circuit Court of Cook Cty.*, 804 F.3d 826, 833 (7th Cir. 2015) (national origin and religion); *Bennett v. Schmidt*, 153 F.3d 516, 518 (7th Cir. 1998) (age); *see also Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 514–15 (2002) (clarifying the pleading standard for discrimination cases); *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010) (concluding that *Swierkiewicz* survived *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)).

Under this standard Clark adequately alleged age discrimination in her discharge, suspension, and work duties. She asserts that her employer fired her "because of [her] age" in June 2013. Before that, from 2011 to 2013, Clark's age allegedly led the firm to exclude her from meetings, take away her assignments and duties, lie about her performance, and suspend her from work, while it spared comparable, younger coworkers these adversities. The law firm responds that Clark needed to allege more details to make it plausible that age motivated this treatment. But the plausibility standard of Rule 8 of the Federal Rules of Civil Procedure "is not akin to a probability requirement." *Iqbal*, 556 U.S. at 678; *see also Swierkiewicz*, 534 U.S. at 510–11; *Carlson v. CSX Transp., Inc.*, 758 F.3d 819, 827 (7th Cir. 2014). "Litigants are entitled to discovery before being put to their proof, [because] treating the allegations of the complaint as a statement of the party's proof leads to windy complaints and defeats the function of Rule 8." *Bennett*, 153 F.3d 519. The firm also argues that some of Clark's allegations do not amount to discrimination. But "[t]he fact that [a discrimination plaintiff] included other, largely extraneous facts in her complaint does not undermine the soundness of her pleading." *Swanson*, 615 F.3d at 405.

We disagree with the district court's ruling that Clark needed to allege that the law firm employed at least 20 employees. It is true that the ADEA applies only to employers with 20 or more employees. 29 U.S.C. §§ 623(a), 630(b). But this threshold is a non-jurisdictional defense to liability under the ADEA. *See Arbaugh v. Y & H Corp.*, 546 U.S. 500, 504 (2006) (holding ADEA's employee threshold is non-jurisdictional); *Papa v. Katy Indus., Inc.*, 166 F.3d 937, 940 (7th Cir. 1999) (explaining threshold as a "tiny employer exemption" from antidiscrimination laws). A complaint states a claim "whether or not some defense is potentially available," *Barry Aviation Inc. v. Land O'Lakes Mun. Airport Comm'n*, 377 F.3d 682, 688 (7th Cir. 2004) (quotation and citation omitted), and plaintiffs need not, and should not, attempt to plead in anticipation of defenses, *Gomez v. Toledo*, 446 U.S. 635, 640–41 (1980) (holding that defendant bears burden of pleading defenses); *Davis v. Ind. State Police*, 541 F.3d 760, 763 (7th Cir. 2008).

We recognize that litigants may plead themselves out of court by alleging facts that establish a defense, *Bennett*, 153 F.3d at 517, but Clark does not allege that the law firm employed fewer than 20 people. To the contrary, she attached to her briefing in the district court an employee list that names more than 20 people, and we may consider that filing. *See Gutierrez v. Peters*, 111 F.3d 1364, 1367 n.2 (7th Cir. 1997)("[F]acts alleged in a brief in opposition to a motion to dismiss . . . as well as factual allegations contained in other court filings of a *pro se* plaintiff may be considered when evaluating the sufficiency of a complaint so long as they are consistent with the allegations of the complaint."); *see also Smith v. Dart*, 803 F.3d 304, 311 (7th Cir. 2015) (concluding that district court erred by failing to consider factual assertions written in letter that pro se plaintiff attached to brief on motion to dismiss).

The amended complaint stated a plausible retaliation claim as well. To plead a claim of retaliation for filing a charge of age discrimination, a plaintiff need only allege that her employer subjected her to adverse employment action because she filed that charge. *See Alamo v. Bliss*, 864 F.3d 541, 555 (7th Cir. 2017) (Title VII); *Luevano*, 722 F.3d at 1029 (same). Clark met this standard. She alleges that the firm fired her in 2013 because she had filed age-discrimination charges with an administrative agency the year before. The plausibility of her claim is enhanced by her additional allegation that just eight days after a fact-finding conference on her charge, the law firm fired her.

Clark may not, however, proceed on her claim that the firm defamed her. Illinois defamation actions have a one-year statute of limitations, running from the date of publication. 735 ILCS 5/13–201; *see also Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 435 (7th Cir. 2009). Because the fact-finding conference at which the firm allegedly defamed her occurred in May 2014, and Clark filed this suit in December 2015, her claim about that conference is six months late. Her related claim that the firm defamed her by giving her personnel file to an administrative investigator also fails. In Illinois statements "necessarily preliminary" to "quasi-judicial" proceedings are privileged and not defamatory. *Layne v. Builders Plumbing Supply Co.*, 569 N.E.2d 1104, 1106 (Ill. App. Ct. 1991). This privilege applies to information supplied to an agency investigating alleged legal violations. *Parrillo, Weiss & Moss v. Cashion*, 537 N.E.2d 851, 856 (Ill. App. Ct. 1989). So the firm's release of Clark's personnel file to an investigator exploring Clark's discrimination allegations cannot give rise to defamation.

We VACATE the dismissal of Clark's amended complaint and REMAND for proceedings on Clark's age-discrimination and retaliation claims.