NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted September 15, 2021[*]
Decided September 16, 2021

**Before**

DAVID F. HAMILTON, *Circuit Judge*

MICHAEL Y. SCUDDER, *Circuit Judge*

THOMAS L. KIRSCH II, *Circuit Judge*

No. 21-1319

| | |
|---|---|
| PATRICIA CLARK, <br> *Plaintiff-Appellant*, | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 15-cv-11890 |
| LAW OFFICES OF TERRENCE KENNEDY, JR., <br> *Defendant-Appellee*. | John F. Kness, <br> *Judge*. |

**O R D E R**

Patricia Clark sued her former employer, the Law Offices of Terrence Kennedy, Jr., for age discrimination in violation of both the Age Discrimination in Employment

---

[*] We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

Act, 29 U.S.C. § 623, and the Illinois Human Rights Act. 775 ILCS 5/1-101. The district court entered summary judgment for the law firm because it had fewer than the 20 employees necessary for it to be governed by the ADEA, and because Clark's state age-discrimination claims were untimely. We affirm.

This is the second time this case comes to us on appeal. Clark's lawsuit began more than five years ago, when she sued her former employer for violations of the ADEA and for defamation under Illinois law. From 2011 to 2013, she alleged, management at the firm harassed her and unfairly disciplined her because of her age, and then twice lied to state investigators about her behavior. The district court granted the firm's motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), accepting the firm's arguments that (1) Clark failed to allege that the firm employed the 20-person minimum to bring an ADEA claim under 29 U.S.C. § 630(b), and (2) the firm's allegedly defamatory statements to state investigators were privileged under Illinois law because they were made in the course of an administrative proceeding. We vacated the dismissal of Clark's ADEA claims, explaining that she was not required to plead the requisite number of employees in an ADEA suit, but we upheld the dismissal of her defamation claims. *Clark v. L. Off. Of Terrence Kennedy, Jr.*, 709 F. App'x 826 (7th Cir. 2017).

On remand, Clark amended her complaint to clarify her ADEA claims and assert new discrimination claims under the Illinois Human Rights Act. She then sought leave to file another amended complaint that would reinstate her defamation claims. Because we had already ruled that Clark could not state a claim for defamation, the district court denied her leave to amend.

The district court eventually entered summary judgment for the law firm, explaining that Clark did not present enough evidence to create a fact question regarding the firm's employee count. Under the ADEA, a defendant qualifies as an employer only if it employed "twenty or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year." 29 U.S.C. § 630(b). The firm provided payroll records showing that, although it occasionally had 20 or more employees, it never employed them long enough to fall within the statute. Regarding Clark's state-law claims, the court concluded that they were untimely because Clark had waited more than 90 days to file suit after the Illinois Department of Human Rights issued a final decision on her administrative charge.

On appeal, Clark first insists that there is a genuine dispute regarding the number of employees at the firm. She points to a list in the record of more than 20

employees who worked at the firm in September 2012. The firm had compiled this list at the request of the Illinois Department of Human Rights as part of its investigation into Clark's discrimination claims.

As the district court correctly concluded, however, this list did not create a factual dispute because it counted the number of employees only in September 2012. It does not contradict the firm's payrolls, which establish that some employees later left the firm, and that the firm employed 20 or more people for only 16 weeks in 2012—four weeks less than the 20 calendar weeks required under the act. *See Walters v. Metropolitan Educational Enterprises, Inc.*, 519 U.S. 202, 206 (1997). Nor did Clark adduce any evidence that contradicted the firm's payrolls for 2011 and 2013, the other years relevant to her claims.

Clark raises three other arguments why the district court should have disregarded the payroll records, but none has merit. First, she argues that res judicata effect should be afforded our prior ruling, in which we acknowledged the list while concluding that her complaint stated a claim for relief under the ADEA. But our ruling stated only that she did not need to establish the firm's size at the *pleadings* stage. *Clark*, 709 F. App'x at 829. At summary judgment, Clark bore the burden of presenting evidence from which a jury could conclude that the firm met the statute's employee-numerosity threshold. *See Bridge v. New Holland Logansport, Inc.*, 815 F.3d 356, 366 (7th Cir. 2016). Second, Clark protests that the firm filed its payrolls after discovery had closed. But the firm was not required to file them until it moved for summary judgment. *See* N.D. Ill. Local Rule 26.3 (explaining that discovery material should not be filed with the court). To the extent that Clark means to argue that the firm did not disclose the records *to her* as required by Federal Rule of Civil Procedure 26(1)(A), she waived that argument by failing to raise it before the district court. *Baylay v. Etihad Airways P.J.S.C.*, 881 F.3d 1032, 1039 (7th Cir. 2018). Third, Clark argues that the firm misrepresented its payrolls to the district court, and that it actually had 20 or more employees during 34 weeks in 2012. But she points to nothing in the record that supports this proposition.

Clark next challenges the district court's conclusion that her claims under the Illinois Human Rights Act were untimely, arguing that she filed charges with the Illinois Department of Human Rights while still working at the firm. But she misunderstands the basis of the court's assessment. The court entered judgment not because she filed her administrative charges too late, but because she waited too long to file this lawsuit after the department ruled on her charges. A plaintiff may bring a claim

under the Illinois Human Rights Act only if she files suit within 90 days of the department's decision. 775 ILCS 5/7A–102(D)(4). Although the department dismissed Clark's charges in October 2013, she did not file this lawsuit until nearly two years later—in December 2015—and she does not explain why the 90-day deadline should be excused.

Finally, Clark asserts that the district court should have allowed her to reinstate her defamation claims. But we upheld the dismissal of those claims in our prior order, and we see no compelling reason to depart from the law of the case. *See Toliver v. Pollard*, 688 F.3d 853, 861 (7th Cir. 2012).

We have considered Clark's other arguments, but none has merit.

The district court's judgment is AFFIRMED. The parties' motions to file supplemental briefs are GRANTED to the extent that we considered their filings before rendering judgment.